UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES,

07 CV 4095 (SHS)
ECF CASE

**AFFIDAVIT OF COUNSEL
IN SUPPORT OF
<u>DEFAULT JUDGMENT</u>**

                           Plaintiffs,

      -against-

R. LAPOINTE CONCRETE & CONSTRUCTION CORP.,

                        Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK    )
                             ) ss:
COUNTY OF NEW YORK  )

      ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

      1.    I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for plaintiffs ("Funds") in the above captioned action. I am familiar with all the facts and circumstances in this action.

      2.    I submit this affidavit in support of plaintiffs' motion for default judgment against R. Lapointe Concrete & Construction Corp. ("Defendant"), confirming an arbitration award against the Defendant, dated April 2, 2007.

      3.    Upon information and belief Defendant is a corporation and not an infant, in the

military or an incompetent.

4. Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5. Plaintiffs brought this action to compel the production of Defendant's books and records pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6. Defendant has failed to furnish these records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

7. Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated April 2, 2007 determining said dispute. (A copy is annexed hereto as Exhibit "A"). Upon information and belief, a copy of the award was sent to the defendant.

8. The arbitrator found that R. Lapointe Concrete & Construction Corp. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of November 30, 2005 through June 30, 2006 including but not limited to, the cash disbursement section of the cash book,

general ledger, job location records, daily time records and all certified payrolls.

9. The arbitrator also found that R. Lapointe Concrete & Construction Corp. was required to pay the funds a total sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

10. The defendant has failed to abide by the award.

11. The award has not been vacated or modified and no application for such relief is currently pending or has been made.

12. Plaintiffs commenced this action on May 25, 2007 by filing a summons and complaint. (A copy is annexed hereto as Exhibit "B"). Plaintiffs subsequently served the summons and complaint together with the Judge's rules upon Defendant by delivering two (2) true copies of the same to the Secretary of the State of New York on May 31, 2007, pursuant to Section 306(b) of New York Business Corporation Law and an affidavit of service was filed with the Court on June 8, 2007. (A copy is annexed hereto as Exhibit "C").

13. This action is timely as it was filed within the one year statute of limitations applicable to a petition to confirm and arbitrator's award.

14. Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired. (A copy of the Clerk's Certificate is annexed hereto as Exhibit "D").

15. Plaintiffs seek a default judgment against Defendant and in favor of plaintiffs as follows:

    a. confirming the arbitrator's award;

    b. ordering R. Lapointe Concrete & Construction Corp. and its officers to make available to the Plaintiffs or authorized representatives any and all books and

records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period November 30, 2005 through June 30, 2006.

c. awarding judgment for the plaintiffs and against Defendant in the principal amount of $2,350.00;

d. attorneys' fees and costs arising out of this action as determined by the court. (An Affidavit of Services is annexed hereto as Exhibit "E" and a proposed Default Judgment is annexed hereto as Exhibit "F");

e. such other and further relief as this Court may deem just and proper

ANDREW GRABOIS (AG 3192)

Sworn to before me this
17th day of July, 2007

NOTARY PUBLIC

DAVID SCHULTZ
Notary Public, State of New York
No. 02SC6003437
Qualified in New York County
Commission Expires March 2, 2010

4